UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **BRIDGET SARPY COLEMAN,** | * | **CASE NO. 1:22-CV-05887** |
| **INDIVIDUALLY AND ON BEHALF OF** | * | |
| **HER DECEASED MOTHER,** | * | |
| **IDANELL SARPY, DECEASED** | * | **JUDGE ROBERT R. SUMMERHAYES** |
| | * | |
| **VERSUS** | * | |
| | * | **MAGISTRATE JUDGE** |
| **LINCARE INC. OF DELAWARE** | * | **PEREZ-MONTEZ** |
| **AND LINCARE-ALEXANDRIA** | * | |
| **Defendants** | * | |
| | * | |

## LINCARE INC. OF DELAWARE'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT AND REQUEST FOR TRIAL BY JURY

Defendant, Lincare Inc. of Delaware ("Lincare") denies each and every allegation of the Complaint filed by Bridget Sarpy Coleman, individually and on behalf of her deceased mother, Idanell Sarpy ("Plaintiff) except for those that are specifically admitted below.  In further response to Plaintiff's Complaint[1], Lincare states:

### AFFIRMATIVE DEFENSES

### FIRST DEFENSE

The sole and proximate cause of any injury to Plaintiff was the fault of a third party or parties for whom Lincare has no control or are not responsible, and as a result, Lincare is responsible for only their degree of fault, if any.

---

[1] Plaintiff filed a Petition for Damages in the 9th Judicial District Court, Parish of Rapides, and Defendants removed the action to this Court on November 4, 2022.  (Doc. 1).

4868-3707-5000 v2

**SECOND DEFENSE**

Plaintiff's damages, if any, were caused by intervening and/or superseding causes for which Lincare is not legally responsible.

**THIRD DEFENSE**

Lincare denies any liability under any theory of law.

**FOURTH DEFENSE**

Plaintiff's injuries and/or damages, if any, were caused or contributed to by her own contributory/comparative fault or neglect, and as a result, any award to Plaintiff is barred or should be reduced in proportion to the extent of that fault.

**FIFTH DEFENSE**

The alleged injuries and/or damages sustained by Plaintiff, which are specifically denied, were not proximately caused by the negligence of Lincare and were not reasonably foreseeable to Lincare and, therefore, were due to unavoidable circumstances beyond control of Lincare.

**SIXTH DEFENSE**

Plaintiff's injuries and/or damages, if any, were the result of pre-existing conditions for which Lincare is not responsible.

**SEVENTH DEFENSE**

Lincare pleads the affirmative defense of "set off."

**EIGHTH DEFENSE**

Lincare specifically pleads the limitation of recovery of medical expenses under Louisiana Revised Statute 9:2800.27.

## NINTH DEFENSE

Lincare pleads as an affirmative defense the provisions of the Louisiana Health Emergency Powers Act, La. R.S. § 29:760 *et seq*, including La. R.S. 29:771, which provides, in relevant part, that, "[d]uring a state of public health emergency, any health care providers shall not be civilly liable for causing the death of, or injury to, any person or damage to any property except in the event of gross negligence […]."

## TENTH DEFENSE

Lincare is entitled to a credit and/or offset for any negotiated amounts, write-offs or payments as set forth in *Hoffman v. 21st Century North America Insurance Company*, 14-2279 (La. 10/2/15), 209 So.3d 702.

## ELEVENTH DEFENSE

Lincare is entitled to a credit and/or offset of any adjustment or discounts due to payments and/or write-offs by Medicaid pursuant to *Bozeman v. State of Louisiana*, 03-1016 (La. 7/2/04), 879 So.2d 692.

## TWELFTH DEFENSE

Plaintiff failed to mitigate her damages, if any.

## THIRTEENTH DEFENSE

Lincare denies any allegation of negligence, fault, solidary liability, joint liability or any other theory of liability whatsoever.

## FOURTEENTH DEFENSE

Lincare hereby gives notice that it intends to rely upon such other defenses that may become available or apparent during the course of discovery and thus reserve its right to amend its Answer to assert any such defenses as discovery progresses.

**FIFTEENTH DEFENSE**

To the extent any affirmative defenses pled herein are contradictory, mutually exclusive, or otherwise inconsistent, Lincare pleads such contradictory, mutually exclusive, or inconsistent affirmative defenses in the alternative.

**ANSWER**

AND NOW further answering, Lincare denies each and every allegation contained in Plaintiff's Complaint, except as specifically admitted below:

**UNNUMBERED OPENING PARAGRAPH OF THE PETITION:**

NOW INTO COURT, through undersigned counsel, comes Petitioner, BRIDGET SARPY COLEMAN, INDIVIDUALLY AND ON BEHALF OF HER DECEASED MOTHER, IDANELL SARPY, DECEASED, a person of the full age of majority, and a resident of the Parish of Ascension, State of Louisiana, who respectfully represents:

**ANSWER TO UNNUMBERED OPENING PARAGRAPH OF THE PETITION:**

The allegations contained in the unnumbered and opening paragraph of Plaintiff's Complaint do not pertain to Lincare and require no answer. However, in an abundance of caution Lincare denies the allegations contained in the unnumbered and opening paragraph of Plaintiff's Complaint for lack of sufficient information to justify a reasonable belief therein.

**PARAGRAPH 1:**

Made Defendants herein are:

A. LINCARE INC. OF DELAWARE, a non-Louisiana company, authorized and doing business in the State of Louisiana, with its principal place of business in Louisiana located at 3867 Plaza Tower Drive, Baton Rouge, LA 70816;

B. LINECARE – ALEXANDRIA, a Louisiana company, authorized to do and doing business in the State of Louisiana, with its location at 1630 North MacCarthur Dr, Alexandria, LA 71303; and

C. All agents, servants, employees, technicians, and other personnel of the above named defendant whom at all times pertinent to this action were acting in the course and scope of their employment with the aforementioned defendant.

**ANSWER TO PARAGRAPH 1:**

The allegations of Paragraph 1(A) of the Complaint are denied as written.  However, it is admitted that Lincare Inc. of Delaware is a named defendant, and that Lincare Inc. of Delaware is a Delaware corporation with its principal place of business in Florida.

The remaining allegations contained in Paragraph 1(B) of the Complaint concern improperly named defendants and do not pertain to Lincare and, therefore, no response is required. However, to the extent a response is required, Lincare denies the allegations contained in Paragraph 1(B) of Plaintiff's Complaint for lack of sufficient information to justify a belief as to the truth thereof.  In further answering, Lincare states that prior to removing this matter to federal court Plaintiff filed a Voluntary Dismissal of Lincare-Alexandria, without prejudice, which was granted by Judge Monique F. Rauls of the 9th Judicial District Court for the Parish of Rapides, State of Louisiana on October 19, 2022, a copy of which is a part of this record and included in Doc. 1-1, page 13 of 13.

The remaining allegations contained in Paragraph 1(C) of the Complaint concern improperly named defendants and do not pertain to Lincare and, therefore, no response is required. However, to the extent a response is required, Lincare denies the allegations contained in

Paragraph 1(C) of Plaintiff's Complaint for lack of sufficient information to justify a belief as to the truth thereof.

**PARAGRAPH 2:**

Petitioner shows that the defendants are liable to Petitioner for the damages sustained by Petitioner, individually and on behalf of her mother, IDANELL SARPY, set forth hereafter, with judicial interest thereon from the date of judicial demand, all costs of these proceedings, including expert witness fees and for all other damages as may be proven at the trial hereof.

**ANSWER TO PARAGRAPH 2:**

Lincare denies the allegations contained in Paragraph 2 of the Complaint.

**PARAGRAPH 3:**

Venue and jurisdiction are proper in this court because the alleged negligence and/or fault occurred in the Parish of Rapides. The injuries and damages were also sustained in this venue and jurisdiction.

**ANSWER TO PARAGRAPH 3:**

Lincare denies the allegations contained in Paragraph 3 of the Complaint as written. In further answering, Lincare states that this matter was removed to this Court on November 4, 2022, pursuant to 28 U.S.C. § 1441(a), venue is proper in this Court as the 9th Judicial District Court for the Parish of Rapides, where the state action is pending, is located within this judicial district.

**PARAGRAPH 4:**

On or about December 5, 2021, Idanell Sarpy was discharged from Christus St. Francis Cabrini Hospital after an extended stay. During the stay, the hospital staff and others failed to ensure Sarpy was NPO prior to a surgical procedure that was planned on or about November

18, 2021. As a result, Sarpy aspirated during intubation and developed aspiration pneumonia that caused respiration failure, requiring oxygen.

**ANSWER TO PARAGRAPH 4:**

Lincare denies the allegations contained in Paragraph 4 of the Complaint for lack of sufficient information to justify a reasonable belief as to the truth thereof.

**PARAGRAPH 5:**

At the time of discharge, Sarpy was to receive oxygen at home. The records from Christus St. Francis Cabrini Hospital indicate that home oxygen was ordered and set-up with defendant, LINCARE INC. OF DELAWARE and/or LINCARE-ALEXANDRIA.

**ANSWER TO PARAGRAPH 5:**

Lincare denies the allegations contained in Paragraph 5 of the Complaint are denied as written.

**PARAGRAPH 6:**

However, upon presentation to her home located at 116 Holmes Road, Pineville, Louisiana, IDANELL SARPY did not have oxygen.

**ANSWER TO PARAGRAPH 6:**

The allegations contained in Paragraph 6 of the Complaint concern do not pertain to Lincare and, therefore, no response is required. However, to the extent a response is required, Lincare deny the allegations contained in Paragraph 6 of Plaintiff's Complaint for lack of sufficient information to justify a belief as to the truth thereof.

7

**PARAGRAPH 7:**

As a result of the negligence and/or fault of LINCARE INC. OF DELAWARE and/or LINCARE-ALEXANDRIA in failing to timely deliver oxygen to IDANELL SARPY, she suffered respiratory failure, that in turn, caused her death.

**ANSWER TO PARAGRAPH 7:**

Lincare denies the allegations contained in Paragraph 7 of the Complaint are denied.

**PARAGRAPH 8:**

Petitioner herein alleges that LINCARE INC. OF DELAWARE and/or LINCARE-ALEXANDRIA were negligent and/or at fault in the following non-exclusive ways:

1. Failure to timely deliver oxygen/oxygen set-up as ordered by Sarpy's medical providers;

2. Failure to follow orders issued by Sarpy's medical providers;

3. In general, failing to maintain the appropriate standard of care; and

4. Any and all other acts of negligence and/or failure to be discovered and/or proved as discovery progresses.

**ANSWER TO PARAGRAPH 8:**

Lincare denies the allegations contained in Paragraph 8 of the Complaint.

**PARAGRAPH 9:**

Petitioners allege the doctrines of *respondeat superior* and *vicarious liability*.

**ANSWER TO PARAGRAPH 9:**

The allegations of Paragraph 9 of the Complaint call for a legal conclusion and, therefore, no response is required. However, to the extent a response is required, Lincare denies the allegations contained in Paragraph 9.

**PARAGRAPH 10:**

As a result of the aforementioned negligent acts, petitioners suffered damages, including, but not limited to, the following:

 A. Physical pain and suffering, past, present and future;

 B. Mental anguish and emotional distress, past, present and future;

 C. Medical expenses, past, present and future;

 D. Loss chance of better recovery/outcome;

 E. Lost wages, past, present and future;

 F. Loss of consortium;

 G. Loss of quality of life;

 H. Loss of society, love and affection, and

 I. Other damages that may become apparent as discovery progresses.

**ANSWER TO PARAGRAPH 10:**

Lincare denies the allegations contained in Paragraph 10 of the Complaint.

**PARAGRAPH 11:**

Petitioner specifically asserts a survival action and a wrongful death action.

**ANSWER TO PARAGRAPH 11:**

Lincare denies the allegations contained in Paragraph 11 of the Complaint.

**PARAGRAPH 12:**

Petitioners allege that defendants are indebted to the Petitioner individually and/or jointly and severally, and/or *in solido*.

**ANSWER TO PARAGRAPH 12:**

Lincare denies the allegations contained in Paragraph 12 of the Complaint.

**PARAGRAPH 13:**

In accordance with La. C.C.P. articles 1572 and 1913, Petitioner requests written notice of any and all assignments of this case for trial or hearing and notices of signing of any judgments herein.

**ANSWER TO PARAGRAPH 13:**

The allegations contained in Paragraph 13 of the Complaint concern do not pertain to Lincare and, therefore, no response is required.  However, to the extent a response is required, Lincare deny the allegations contained in Paragraph 13 of Plaintiff's Complaint for lack of sufficient information to justify a belief as to the truth thereof.

**PARAGRAPH 14:**

Petitioner avers that it will be necessary to call expert witnesses to testify at trial of this case and that fees for said experts, whether for written reports, oral testimony given by deposition or for court appearances, should be taxed as court costs herein an assessed against defendants.

**ANSWER TO PARAGRAPH 14:**

Lincare denies the allegations contained in Paragraph 14 of the Complaint.

**PARAGRAPH 15:**

Petitioner herein alleges that the damages exceed $75,000.00.

**ANSWER TO PARAGRAPH 15:**

Lincare denies the allegations contained in Paragraph 15 of the Complaint and any contention that Plaintiff has suffered a compensable harm and/or is entitled to any monetary or other damages from Lincare.  In further answering, although Lincare specifically denies any liability for the damages alleged in Plaintiff's Complaint, Lincare submits that it is facially

apparent from the Complaint that the amount in controversy exceeds $75,000, exclusive of costs and interest.

**LAST UNNUMBERED PARAGRAPH/PRAYER FOR RELIEF:**

WHEREFORE, Petitioner, prays that the defendants be served with this Petition and be cited to appear and answer with the same within the delays allowed by law and that after all legal delays and due proceedings are had, there be a money judgment rendered herein in favor of Petitioner and against the defendants for all damages as are reasonable in the premises and as prayed for herein, together with all legal interest from the date of administrative demand, until paid; for expert fees and expenses; for all costs of these proceedings; and for all general and equitable relief that is within the discretion of this court to grant.

**LAST UNNUMBERED PARAGRAPH/PRAYER FOR RELIEF:**

The allegations contained in the Last Unnumbered Paragraph or Prayer for Relief of Plaintiff's Complaint are denied.  Lincare denies any contention that Plaintiff has suffered a compensable harm and/or is entitled to any monetary or other damages from Lincare.

### JURY DEMAND

Lincare requests trial by jury of all claims asserted by the Plaintiff.

**WHEREFORE,** Defendant, Lincare Inc. of Delaware, pray that its Answer be deemed good and sufficient, for a trial by jury and, after due proceedings are had, that there be judgment rendered herein in its favor, dismissing all claims against Defendant with prejudice, with all costs to be assessed to Plaintiff, Bridget Sarpy Coleman, individually and on behalf of her deceased

mother, Idanell Sarpy, together with all further general and equitable relief to which it may be entitled.

Respectfully submitted:

    ***/s/ Forrest E. Guedry***  
John F. Jakuback (#21643)  
John.Jakuback@keanmiller.com  
Amanda M. Collura-Day (#33777)  
Amanda.Collura-Day@keanmiller.com  
Forrest E. Guedry (#36482)  
Forrest.Guedry@keanmiller.com  
**Kean Miller LLP**  
Post Office Box 3513   (70821)  
400 Convention Street, Suite 700  
Baton Rouge, Louisiana  70802  
Telephone: (225) 387-0999  
Facsimile: (225) 388-9133  
***Counsel for Lincare Inc. of Delaware***

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the above and foregoing pleading has been served upon all counsel of record via this Court's e-filing (ECF) system and/or U.S. Mail, postage prepaid, as follows:

Chad A. Sullivan (#27657)  
KEOGH, COX, & WILSON, LTD.  
P.O. Box 1151 (70821)  
701 Main Street  
Baton Rouge, Louisiana  
T: 225-383-3796  
F: 225-343-9612  
csullivan@keoghcox.com

Baton Rouge, Louisiana this 14th day of November, 2022.

**/s/ *Forrest E. Guedry***  
Forrest E. Guedry

4868-3707-5000 v2