UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **BRIDGET SARPY COLEMAN,** | * | **CASE NO. 1:22-CV-05887** |
| **INDIVIDUALLY AND ON BEHALF OF** | * | |
| **HER DECEASED MOTHER,** | * | |
| **IDANELL SARPY, DECEASED** | * | **JUDGE ROBERT R. SUMMERHAYES** |
| | * | |
| **VERSUS** | * | |
| | * | |
| | * | **MAGISTRATE JUDGE** |
| **LINCARE INC. OF DELAWARE** | * | **PEREZ-MONTEZ** |
| **AND LINCARE-ALEXANDRIA** | * | |
| **Defendants** | * | |
| | * | |

## RULE 26(f) REPORT

Trial Date: TBD

Pretrial Conference Date: January 11, 2023

Type of Trial: ☒ JURY    ☐ BENCH

Estimated length of trial is 3 court days.

1. **Participants:**

   Chad Sullivan for Plaintiff, Bridget Sarpy Coleman individually and on behalf of her deceased mother, Idanell Sarpy, deceased.
   Forrest Guedry for Defendant, Lincare, Inc. of Delaware.

2. **Affirmation Regarding Initial Disclosures:**

   Plaintiff submitted her initial disclosures to Lincare on January 3, 2023.

   Lincare submitted its initial disclosures to Plaintiff on January 4, 2023.

3. **Jurisdictional Basis:**

   This Court has subject matter jurisdiction over the claims in this action pursuant to 28 U.S.C. § 1332(a)(1) because the parties are residents of different states and the alleged amount in controversy exceeds the value of $75,000.00. See Doc. 1 – Notice of Removal. Plaintiff does not contest the Court's jurisdiction.

4. **Brief Description of Claims:**

On December 5, 2021, at around 12:57 a.m. Idanell Sarpy was discharged from Christus St. Francis Cabrini Hospital with instruction that Sarpy would receive home oxygen from Lincare Inc. of Delaware ("Lincare"). However, upon presentation to her home, Sarpy was not provided oxygen by any healthcare providers. Subsequently, Sarpy suffered respiratory failure, which caused her death later in the day of December 5, 2021.

Plaintiff, Bridget Sarpy Coleman, independent Administratrix of the Succession of Idanell Sarpy, asserts that Lincare failed to timely deliver oxygen and/or an oxygen set-up as ordered by Sarpy's medical providers, failed to follow the orders of Sarpy's medical providers, and failed to maintain an appropriate standard of care.

5. **Brief Statement of Responses:**

Lincare filled the oxygen orders placed on behalf of Idanell Sarpy, by her medical providers, as required in a reasonable and timely fashion. Lincare delivered oxygen for Idanell Sarpy to Christus St. Francis Cabrini Hospital ("Hospital"). Per the Hospital's COVID-19 protocol policy, and at the instruction of the Hospital, Lincare delivered the oxygen to the nurses' station because Lincare was not allowed to enter the Plaintiff's Hospital room and deliver the oxygen directly to Plaintiff. The amount of oxygen delivered to the Hospital for Idanell Sarpy was a sufficient amount for Plaintiff to be discharged and settled at her home before Lincare's second delivery arrived. Upon information and belief, the Hospital and/or its employees or representatives failed to send Idanell Sarpy home with the oxygen that had been delivered to the Hospital by Lincare.

Lincare denies all allegations of negligence and alleged fault.

6. **Anticipated Amendments to Pleadings and Motions:**

**Plaintiff:**

At this time, Plaintiff does not anticipate the need to amend any of her pleadings or motions. Prior to the removal of this action, Plaintiff agreed to dismiss an entity named as Lincare-Alexandria without prejudice.

Plaintiff notes that she maintains claims against various other entities that are pending in front of a medical review panel pursuant to the Louisiana Medical Malpractice Act. Accordingly, Plaintiff reserves the right to supplement and/or amend her pleadings and motions before this Court, should the disposition of the claims pending with the medical review panel warrant such amendment.

**Defendant:**

At this time, Lincare does not anticipate filing any amendments or motions. Lincare, however, reserves the right to file any summary judgment or dispositive motions appropriate as additional discovery may warrant. Lincare further reserves the right to amend their pleadings as discovery and trial preparation progress in this matter.

7. **Anticipated Expert Witnesses:**

   **Plaintiff:**

   Plaintiff anticipates that she will retain experts that will provide reports and testimony related to the breach of the standard of care by Lincare. Plaintiff also anticipates that she will retain an expert to provide an opinion regarding the calculation of damages.

   **Defendant:**

   Until Plaintiff identifies the expert testimony she intends to offer, the Lincare reserves the right to name experts based on what expert testimony Plaintiff presents. Lincare contemplates that they will offer expert testimony regarding medical causation, the alleged breach of the standard of care, and damages.

8. **Discovery Plan:**

   The parties agree to provide and exchange relevant and responsive documents via CDs, thumb drives, Dropbox, OneDrive, FileShare, and/or similar file sharing services. The parties are optimistic that they will be able to fully complete all needed discovery, and that intervention from the Court will not be necessary.

   The parties agree that any duty to preserve any hard copy documents or electronically stored information ("ESI") in this matter shall be consistent with applicable Louisiana state or federal law.

9. **Stipulations:**

   **Plaintiff:**

   1. Plaintiff originally asserted a claim against Lincare with the Louisiana Division of administration pursuant to the Louisiana Medical Malpractice Act on September 22, 2022.
   2. Lincare is not a qualified healthcare provider with the Louisiana Patients Compensation fund.

   Plaintiff reserves the right to offer and/or agree to additional stipulations as discovery and trial preparation progress in this matter.

**Defendant:**

- Louisiana Revised Statute 9:2800.27 applies to Plaintiff's claim.

Lincare reserves the right to offer and/or agree to additional stipulations as discovery and trial preparation progress in this matter.

**10. Major Issues of Fact and Law in Dispute:**

**Plaintiff:**

1. Whether Lincare breached the standard of care regarding the treatment, or lack thereof, provided to Idanell Sarpy;
2. Whether Lincare failed to timely deliver oxygen/oxygen set-up as ordered by Sarpy's medical providers;
3. Whether Lincare failed to follow orders issued by Sarpy's medical providers;
4. Whether Lincare's negligence/breach of the standard of care caused compensable injury to Plaintiff;
5. The amount of damages sustained as a result of the negligence/breach of the standard of care by Lincare.

Plaintiff asserts that all underlying factual issues connected to the issues detailed above are in dispute.

**Defendant:**

1. Whether Plaintiff can prove a negligence claim against Lincare under Louisiana Civil Code Article 2315.
2. Whether the Louisiana Health Emergency Powers Act, including Louisiana Revised Statute 29:771, applies to Plaintiff's claims.
3. Whether other non-parties, including, but not limited to Christus St. Francis Cabrini Hospital; Bridgett D. Foreman; Mid-Louisiana Anesthesia Consultants, APMC; Dr. Joseph G. Patton, Jr.; and, others, were at fault in the subject incident, and if so, to what extent.
4. Whether Lincare exercised reasonable care under the premises.
5. Whether Plaintiff suffered a compensable injury.
6. Whether Plaintiff sustained any damages, and if so, the amount of such damages.
7. Whether Plaintiff failed to mitigate her damages.

All of these issues are in dispute.

**11. Related Case Information:**

Not applicable.

**12. Surveillance Evidence:**

Lincare does not currently have any surveillance evidence at this time. Plaintiff does not anticipate that she will obtain any surveillance of Lincare and/or its employees are this time.

**13. Alternative Dispute Resolution (ADR):**

In accordance with Local Rule 16.3.1 and 28 U.S.C. § 652, Lincare is open to entertaining a reasonable settlement demand.  Lincare is amenable to a mediation when appropriate.

Plaintiff will explore settlement in good faith pursuant to local rules.

**14. Rule 16 Conference:**

The parties will notify the Court should a Rule 16 Conference be needed.

**15. Electronic Courtroom:**

The parties are currently uncertain of the number of documents which they will produce into evidence and, consequently, whether electronic media will be necessary.  However, it is not anticipated that this case will be document intensive.

**16. Electronically Generated Exhibits or Aids:**

See above.  It is unknown at this time whether electronically generated exhibits or aids will be used.

**17. Handicap Provisions:**

At this time, the parties do not anticipate a need for handicap accommodations for any party, witness, or trial participant.

**18. Consent Trials:**

Plaintiff does not consent to trial by magistrate in this matter.

Defendant does not consent to trial by magistrate in this matter.

| | |
|---|---|
| */s/ Chad A. Sullivan  (w/ permission)* | */s/ Forrest E. Guedry* |
| Chad A. Sullivan (#27657) | John F. Jakuback (#21643) |
| csullivan@keoghcox.com | John.Jakuback@KeanMiller.com |
| KEOGH, COX, & WILSON, LTD. | Amanda Collura-Day (#33777) |
| P.O. Box 1151 (70821) | Amanda.Collura-Day@KeanMiller.com |
| 701 Main Street | Forrest E. Guedry (#36482) |
| Baton Rouge, Louisiana | Forrest.Guedry@KeanMiller.com |
| T: 225-383-3796 | KEAN MILLER, LLP |
| F: 225-343-9612 | 400 Convention Street, Suite 700 (70802) |
| *Counsel for Plaintiff* | Post Office Box 3513 |
| | Baton Rouge, Louisiana 70821 |
| | Telephone: (225) 387-0999 |
| | Facsimile: (225) 388-9133 |
| | *Counsel for Lincare Inc. of Delaware* |